# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1648V
UNPUBLISHED

| | |
|---|---|
| JESSICA SANDNER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 27, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Richard Gage, Richard Gage, P.C. (WY), Cheyenne, WY*, for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC*, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On October 23, 2019, Jessica Sandner ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 4, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On May 24, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00 for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $70,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JESSICA SANDNER, ) | |
| Petitioner, ) | |
| ) | No. 19-1648V |
| v. ) | Chief Special Master Brian H. Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 3, 2021, respondent filed a Vaccine Rule 4(c) report conceding that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 36. On May 4, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner received an influenza ("flu") vaccination on October 6, 2018, and was entitled to vaccine compensation for petitioner's Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, and related sequela. ECF No. 37.

### I. Amount of Compensation

Respondent now proffers that, based on the Chief Special Master's entitlement ruling and the evidence of record, petitioner should be awarded a lump sum of **$70,000.00** for actual pain and suffering. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [1]

A. <u>Petitioner's Damages</u>

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$70,000.00,** in the form of a check payable to petitioner. Petitioner agrees.

B. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3661
Kyle.Pozza@usdoj.gov

Date: May 24, 2022